UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO . 08-22046-CIV-SEITZ/O'SULLIVAN

JOSE LA TORRE,
and others similarly situated,

    Plaintiff,

vs.

BFS RETAIL AND COMMERCIAL
OPERATIONS, LLC,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on Defendant's Motion to Dismiss Or, in the Alternative to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan and Incorporated Memorandum of Law  (DE# 9, 9/5/08). The parties have consented to magistrate judge jurisdiction with respect to certain pretrial motions, including the instant motion. See Revised Scheduling Report (DE# 33, 11/17/08). On November 19, 2008, this cause was referred to the undersigned pursuant to 28 U.S.C. §636(c). See Order of Reference (DE# 34, 11/19/08).  Having carefully considered the filings and the applicable law, and having held a hearing on December 1, 2008, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Or, in the Alternative to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan and Incorporated Memorandum of Law  (DE# 9, 9/5/08) is **GRANTED** for the reasons described more fully below.

**BACKGROUND**

On June 18, 2008, the plaintiff filed a complaint against the defendant for unpaid overtime wages under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq. See Complaint (DE# 1, 6/18/08).  On September 5, 2008, the defendant filed the instant motion, Defendant's Motion to Dismiss Or, in the Alternative to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan and Incorporated Memorandum of Law  (DE# 9, 9/5/08) and the Declaration of Oscar Romero (DE# 10, 9/5/08). The plaintiff filed his response on September 22, 2008. See Plaintiff's Response and Incorporated Memorandum of Law to Defendant's Motion to Dismiss Or, in the Alternative to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 11, 9/22/08). The defendant filed his reply on October 1, 2008. See Reply to Plaintiff's Response to Defendant's Motion to Dismiss Or, in the Alternative to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 12, 10/1/08)

On December 1, 2008, the undersigned held a hearing on the instant motion. The defendant introduced the testimony of Anthony Ruffini, the Miami District Manager for Firestone. The Court admitted into evidence the Employee Dispute Resolution Plan (hereinafter "EDR Plan")[1]  translated into Spanish, as Defendant's Exhibit 1. The plaintiff did not present any testimony or seek to introduce exhibits.

---

[1] The defendant's mandatory alternative dispute resolution process is contained in its EDR plan.

## **FACTS**

Effective October 1, 1995, BFS Retail & Commercial Operations, LLC (hereinafter "BFRC") implemented an EDR Plan covering all non-union employees nationwide. See Declaration of Oscar Romero (DE# 10 at ¶ 3, 9/5/08). The EDR Plan was updated on October 1, 2003. Id. The front cover of the EDR plan states as follows:

> THE EMPLOYEE DISPUTE RESOLUTION PLAN IS THE EXCLUSIVE MEANS OF RESOLVING EMPLOYMENT-RELATED DISPUTES. ALL PERSONS WHO APPLY FOR EMPLOYMENT, ACCEPT EMPLOYMENT, CONTINUE WORKING FOR, OR ACCEPT ANY PROMOTIONS, PAY INCREASES, BONUSES OR ANY OTHER BENEFITS OF EMPLOYMENT FROM BRIDGESTONE AMERICAS HOLDING, INC. ("BSAH") OR A SUBSIDIARY OF AFFILIATE OF BSAH (COLLECTIVELY, "THE COMPANY") AGREE TO RESOLVE ALL SUCH DISPUTES THROUGH THE MEDIATION AND BINDING ARBITRATION PROCESS DESCRIBED HEREIN INSTEAD OF THROUGH THE COURT SYSTEM.

See EDR Plan, Declaration of Oscar Romero (DE# 10 at Exhibit A, 9/5/08) (capitalization in original).[2]

The plaintiff began working for BFRC as a mechanic on July 6, 2003. See Declaration of Oscar Romero (DE# 10 at ¶ 6, 9/5/08). On July 8, 2003, the plaintiff signed a document entitled: "Agreement and Acknowledgment of Bridgestone/Firestone, Inc. Employee Dispute Resolution Plan." Id. at Exhibit B. The document states, in part, as follows: "As a condition of my employment by Bridgestone/Firestone, I

---

[2] The EDR Plan attached as Exhibit A to the declaration of Oscar Romero states that it is the October 1, 2003 Amendment to the EDR Plan dated October 1, 1995. At the hearing, counsel for the defendant represented to the Court that the only difference between Exhibit "A" and the October 1, 1995 EDR Plan concerns claims under the Employee Retirement Income Security Act (hereinafter "ERISA"). The plaintiff did not refute this representation.

3

agree that I will be bound by the terms of the Plan. I acknowledge that I have received a copy of the Plan." Id. The term "plan" is defined as the EDR Plan. Id.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim under Rule 12 (b)(6) of the Federal Rules of Civil Procedure unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him/her to relief. Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986). In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and take its allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), Quinones v. Durkis, 638 F.Supp. 856 (S.D. Fla. 1986). To survive a motion to dismiss, the four corners of the complaint must contain factual allegations which are "enough to raise a right to relieve above speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Finally, the issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., establishes a general federal policy favoring arbitration. See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217-18 (1985). The issue of whether the parties agreed to arbitrate is decided by the Court. Dale v. Comcast Corp., 498 F. 3d 1216, 1219 (11th Cir. 2007). There are three factors courts consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. Sims v. Clarendon Nat'l Ins.

Co., 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004). Here, the only issue in dispute is whether a valid agreement to arbitrate exists. Florida law governs the enforceability of the arbitration provision in the instant case. See Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054 (11th Cir.1998) (noting that arbitration clauses are interpreted according to ordinary state-law rules of contract construction).

## DISCUSSION

The defendant, seeks to dismiss or stay these proceedings and compel the plaintiff to comply with the EDR Plan pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure and section 3 of the Federal Arbitration Act. See Defendant's Motion to Dismiss Or, in the Alternative, to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 9, 9/5/08). The defendant argues that the complaint should be dismissed because the plaintiff agreed to resolve all employment related disputes pursuant to the EDR Plan. The plaintiff counters that the arbitration provision in the EDR Plan is unenforceable because it is both procedurally and substantively unconscionable. See Plaintiff's Response and Incorporated Memorandum of Law to Defendant's Motion to Dismiss Or, in the Alternative, to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 11, 9/22/08).

Under Florida law, in order for a contract provision to be deemed unconscionable, it must be shown that the provision is both procedurally and substantively unconscionable. Golden v. Mobil Oil Corp., 882 F. 2d 490, 493 (11th Cir. 1989); Stewart Agency, Inc. v. Robinson, 855 So. 2d 726, 727 (Fla. 4th DCA 2003). The party seeking to avoid enforcement of the arbitration provision based on a claim of

unconscionability has the burden of presenting "sufficient evidence" to find that the provision is unenforceable. <u>Gainesville Health Care Center, Inc. v. Weston</u>, 857 So. 2d 278, 288 (Fla. 1st DCA 2003).

**1.      Procedural Unconscionability**

The plaintiff raises three arguments on procedural unconscionability. First, the plaintiff contests the arbitration provision based on the parties' unequal bargaining power. Second, the plaintiff argues that his background and limited understanding of the English language[3] render the EDR Plan procedurally unconscionable. The plaintiff's background is as follows:

> Plaintiff . . . is a 52 year old mechanic, foreign educated and having only a basic high school equivalent education, with little comprehension of spoken or written English; he has never worked in business, has never owned a business, has either worked as a mechanic or in a kitchen, and did not know what an agreement to arbitrate was at the time of signing the agreement.

Plaintiff's Response and Incorporated Memorandum of Law to Defendant's Motion to Dismiss Or, in the Alternative, to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 11 at 8, 9/22/08). Third, the plaintiff argues that he was compelled to sign the EDR Plan because the defendant insinuated that the plaintiff needed to sign the EDR Plan as a condition of further employment. At the hearing, plaintiff's counsel argued that there was a miscommunication or misinformation

---

[3] The plaintiff did not testify or present the Court with an affidavit or other evidence establishing his limited understanding of the English language. Nonetheless, because this issue does not affect the outcome of the Court's decision, the Court will accept the plaintiff's representation as true.

between the defendant and the plaintiff concerning the meaning of the EDR Plan presented to the plaintiff. The Court notes that there is no record evidence supporting the circumstances under which the plaintiff claims he signed the EDR Plan. Nonetheless, even accepting the plaintiff's statements as true, the plaintiff has failed to establish that the EDR Plan is procedurally unconscionable.

The Court finds that the plaintiff has not met its burden to show procedural unconscionability. For procedural unconscionability, "a court must look to the manner in which the contract was entered into and consider factors such as whether the complaining party had a meaningful choice at the time the contract was entered into." Murphy v. Courtesy Ford, L.L.C., 944 So. 2d 1131, 1134 (Fla. 3d DCA 2006). "Courts consider 'whether the complaining party had a realistic opportunity to bargain regarding the terms of the contract or whether the terms were merely presented on a 'take-it-or leave-it' basis; and whether he or she had a reasonable opportunity to understand the terms of the contract.'" Id. (citing Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278, 284 (Fla. 1st DCA 2003)).

Here, the parties' unequal bargaining power is insufficient to support a finding of procedural unconscionability. See Caley v. Gulfstream Aerospace Corp., 428 F. 3d 1359, 1377 (11th Cir. 2005) (noting that "[a]lthough there is some bargaining disparity here, as often in the employment context, the plaintiffs have failed to show that the [alternative dispute resolution agreement] and its making is so one-sided as to be

7

unconscionable").[4] The plaintiffs' other arguments are similarly unavailing. The plaintiff seeks to invalidate the arbitration provision because he has a limited understanding of the English language and is an unsophisticated individual. "In Florida, a party to a contract is not 'permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it or because in retrospect, the bargain turns out to be disadvantageous.'" Murphy, 944 So.2d at 1134 (citing Gainesville Health Care Ctr., 857 So.2d at 284); see also Morales v. Sun Constr., Inc., 541 F. 3d 218, 222 (3d Cir. 2008) (enforcing contract and noting that "[i]n the absence of fraud, the fact that an offeree cannot read, write, speak, or understand the English language is immaterial to whether an English-language agreement the offeree executes is enforceable").  In the instant case, notice of the arbitration provision was prominent and appeared in capital letters on the first page of the EDR Plan.[5] There is no evidence that the defendant discouraged or

---

[4] Although Caley was decided under Georgia law, its general provisions are applicable here.

[5] The plaintiff states in his response that he was not provided with a copy of the EDR Plan so that he could translate it to Spanish. See Plaintiff's Response and Incorporated Memorandum of Law to Defendant's Motion to Dismiss Or, in the Alternative, to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 11 at 7, 9/22/08). At the hearing, Anthony Ruffini, the Miami District Manager for Firestone, testified that a Spanish language version of the EDR Plan (Defendant's Exhibit 1) was accessible to any employee and was provided to the plaintiff the day he signed the acknowledgment form. The Court had an opportunity to observe Mr. Ruffini during the hearing and finds his testimony credible.

prevented the plaintiff from knowing and understanding the disputed contract terms.[6] The Court credits Mr. Ruffini's uncontested testimony that a Spanish language version of the EDR Plan (Defendant's Exhibit 1) was provided to the plaintiff the day he signed the acknowledgment form. The plaintiff has not shown "facts and circumstances . . . demonstrat[ing] that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract . . . ." Estate of Etting ex rel. Etting v. Regents Park at Aventura, Inc., 891 So. 2d 558 (Fla. 3d DCA 2004) (affirming order enforcing arbitration agreement signed by legally blind nursing home resident).

Similarly, the plaintiff's contention that he was compelled to sign the EDR Plan because the defendant insinuated that the plaintiff needed to sign the EDR Plan as a condition of further employment does not render the arbitration provision unconscionable. In Caley v. Gulfstream Aerospace Corp., 428 F. 3d 1359, 1364 (11th Cir. 2005), the Eleventh Circuit affirmed an order compelling arbitration even though an explanatory letter mailed to employees with the alternative dispute resolution policy expressly stated that the policy would be "a condition of continued employment."

---

[6] The instant case is distinguishable from cases where the arbitration agreement is procedurally unconscionable because the defendant undertook to explain the terms of the contract to the plaintiff and either omitted the arbitration provision or did not explain it in an understandable way. See Hialeah Automotive, LLC v. Basulto, No. 3D07-855, 2008 WL 4568067, * 3 (Fla. 3d DCA Oct. 15, 2008). Although the plaintiff's counsel argued that there was a miscommunication or misinformation between the defendant and the plaintiff concerning the meaning of the EDR Plan presented to the plaintiff, no evidence was presented to that effect and the testimony of Mr. Ruffini was that the plaintiff was presented with a Spanish language EDR Plan containing the arbitration provision.

Although the plaintiff's failure to show procedural unconscionability defeats his challenge to the arbitration provision, the Court will address substantive unconscionability.

**2.      Substantive Unconscionability**

The plaintiff argues that the arbitration provision in the EDR Plan is substantively unconscionable because it purports to preclude the plaintiff from participating in a class action against the defendant. Plaintiff's Response and Incorporated Memorandum of Law to Defendant's Motion to Dismiss Or, in the Alternative, to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 11 at 8 - 9, 9/22/08). "Because this is a significant legal remedy unilaterally waived by the contracting party with no bargaining power, the arbitration agreement is substantively unconscionable. . . . waiver of [the] right to participate in a class action is contrary to the remedial purpose of the Fair Labor Standards Act." Id. at 9. The defendant argues that the class action wavier provision does not render the EDR Plan unconscionable because the Eleventh Circuit has repeatedly upheld such provisions as enforceable. See Reply to Plaintiff's Response to Defendant's Motion to Dismiss Or, in the Alternative, to Compel Compliance with Defendant's Mandatory Alternative Dispute Resolution Plan (DE# 12 at 7, 10/1/08).

Substantive unconscionability focuses on the actual agreement and whether or not its terms are unreasonable and unfair. Stewart Agency, Inc., 855 So.2d at 728. The Eleventh Circuit's decision in Caley v. Gulfstream Aerospace Corp., 428 F. 3d 1359 (11th Cir. 2005) is on point. Caley was a class action lawsuit brought by employees and former employees against the defendant under Title VII, the FLSA, the Age

Discrimination in Employment Act ("ADEA") and ERISA. The plaintiffs' employment with the defendant was subject to a dispute resolution policy (hereinafter "DRP"). The DRP contained a provision wherein the employee agreed that no covered claim could be brought as a class or collective action under the DRP. Id. at 1366. The district court granted the defendant's motion to compel arbitration of the plaintiffs' claims and to dismiss the case pursuant to the DRP. On appeal, the plaintiffs challenged the enforceability of the DRP on a number of legal grounds and argued that the DRP's class action waiver was substantively unconscionable. Id. at 1378. The Eleventh Circuit rejected this argument noting that one of advantages of arbitration is that it offers "simplicity, informality, and expedition." Id. at 1378 (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991)). "The DRP's prohibition of class actions and discovery limitations are consistent with the goals of "simplicity, informality, and expedition" touted by the Supreme Court in Gilmer. Id. As in Caley, this Court finds that the class action waiver provision contained in the EDR Plan is not substantively unconscionable.

## CONCLUSION

The plaintiff has not met his burden to show that the arbitration provision in the EDR Plan is unconscionable and, therefore, unenforceable under Florida contract law. The Court finds that the EDR Plan is neither procedurally or substantively unconscionable. Accordingly, the plaintiff is bound by the EDR Plan and the instant case should be dismissed. Accordingly, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss Or, in the Alternative to Compel Compliance with Defendant's Mandatory Alternative Dispute

Resolution Plan and Incorporated Memorandum of Law  (DE# 9, 9/5/08) is **GRANTED**

and the parties are required to comply with the procedures outlined in the EDR Plan. It

is further

ORDERED AND ADJUDGED that this case is DISMISSED.[7]

DONE AND ORDERED in Chambers at Miami, Florida this **8th** day of

December, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record

---

[7] The EDR Plan provides that it "is the exclusive, final and binding means by which [d]isputes can be resolved." See EDR Plan, Declaration of Oscar Romero (DE# 10, Exhibit A at ¶ 3, 9/5/08).